IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 19 2003
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

SUSAN VAUGHN, PERSONAL REPRESENTATIVE
OF THE ESTATE OF PHIL EDWARD BLOUNT                          PLAINTIFF

v.                                            CASE NO. 2-03 CV-60070 JMM

GREENE COUNTY, ARKANSAS;
DAN LANGSTON, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS SHERIFF OF GREENE COUNTY, ARKANSAS;
JOHN AND JANE DOES I-X, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS OFFICERS AND EMPLOYEES
OF THE GREENE COUNTY SHERIFF'S DEPARTMENT              DEFENDANTS

## COMPLAINT

Comes Susan Vaughn, the duly appointed and acting personal representative of the estate of Phil Edward Blount, by and through her lawyers, Rieves, Rubens, & Mayton, and for her complaint states and alleges:

### JURISDICTION

1. She is the duly appointed and acting representative of the estate of Phil Edward Blount, having been appointed by the Circuit Court of Greene County, Arkansas, Probate Division, in case number PR 2002-7.

2. Her claims arise under 42 U.S.C. § 1983, et seq. This court has original jurisdiction pursuant to 28 U.S.C. § 1331. The events alleged in this complaint occurred primarily in Greene County, Arkansas.

### DEFENDANTS

3. Greene County is a duly organized political subdivision of the State of Arkansas, exercising powers conferred upon on it by the State of Arkansas.



4. Dan Langston is, and was at all times relevant to this complaint, the duly elected, authorized and acting Sheriff of Greene County, Arkansas.

5. Defendants not known by name but identified as the unnamed John and Jane Does, were at all times relevant to this complaint duly appointed and acting corrections officers or other employees of the Greene County Jail, all of whom were acting under color of state law.

## GENERAL ALLEGATIONS

6. At the time of his death, her decedent, Phil Edward Blount, was a resident of Greene County, Arkansas.

7. On or about December 22, 2001, Blount was arrested and placed in custody of defendants at the Greene County jail. Blount was held pending a probation revocation hearing scheduled for January 7, 2002.

8. Blount suffered from severe mental illness for which he had been treated for over 25 years. As part of his treatment, Blount had prescriptions for and instructions to take several medications.

9. Blount was disabled as a result of his mental illness. Blount's mental illness was self-evident and otherwise known to each of the defendants at all times relevant to this complaint.

10. Each of the defendants knew of Blount's mental illness and the need for him to receive appropriate medical treatment, including having his medications administered as prescribed.

11. Nevertheless, defendants failed to provide any care or treatment for Blount's mental illness.

12. Upon learning that Blount was in jail, Blount's mother and a family friend delivered his prescription medications to the jail within a week of Blount's arrest.

13. On or about December 28, 2001, Blount's sister wrote to Langston and other Greene County officials advising them of Blount's long-standing mental illness and need to take his prescription medicines.

14. Nevertheless, despite having knowledge of Blount's condition and his prescription medication, defendants failed and refused to dispense Blount's medication to him as prescribed.

15. Defendants further failed to provide any psychiatric care or treatment for Blount's mental illness.

16. Defendants' failure and refusal to give Blount his medicine or provide any other medically prescribed course of treatment for Blount's mental illness was done with deliberate indifference and disregard for Blount's well-being.

17. Defendants further failed to screen and classify Blount as mentally ill, failed to provide continuous observation, supervision and control of Blount, left Blount unattended and unwatched for extended periods of time, and failed to even administer Blount's medication.

18. Greene County failed to provide any meaningful policy of training Greene County's jail personnel to screen, segregate, detain, and provide medical care to mentally ill persons in the custody. To the extent that there is any policy, the jail is so overcrowded and underfunded that the policy is merely a pretext or a sham, and is not designed to actually have any real effect. To the contrary, defendants prefer to save money at the expense of the welfare of persons such as Blount.

19. On the morning of January 5, 2002, at about 5:45 a.m., Blount was found dead on the floor of his cell. Upon information and belief, Blount had been unobserved by defendants for several hours.

20. Blount's death was proximately caused by defendants' failure and refusal to provide medical care to Blount, including defendants' failure to administer his prescribed medications, their failure to provide medical treatment, and their failure to supervise or monitor Blount.

21. Pursuant to the 8th and 14th Amendments to the United States Constitution, Blount had the right to be secure in his life and person while confined by defendants acting under color of state law and pursuant to state authority.

22. Blount's rights were clearly established and well known to the defendants at all times relevant to this complaint.

23. Defendants' acts and omissions manifested a deliberate indifference to Blount's constitutional rights in violation of the United States Constitution and 42 U.S.C. § 1983.

24. By their conduct, defendants were each, jointly and severally, deliberately indifferent to, and deprived Blount of, his rights, privileges, and immunities secured to him by the 8th and 14th Amendments to the United States Constitution, including but not limited to:

    a) the right to appropriate medical care, both physical and psychological in nature;

    b) the right to be physically secure and to be free from an unsafe confinement;

    c) the right to be free from cruel and unusual punishment;

    d) the right not to be deprived of life, liberty, or property without due process of law;

e) the right to equal protection under the laws of the United States and the State of Arkansas.

25. As a result of defendants' conduct in violation of Blount's constitutional rights, Blount suffered extreme mental anguish, severe pain and suffering, personal injuries, and ultimately his wrongful death.

26. Because the actions of Defendants were deliberate, willful, and intentional, and the policy of constitutional violations was practiced for the political and pecuniary gain of defendants, punitive damages should be awarded.

## INJUNCTIVE RELIEF

27. The wrongful actions of defendants as pleaded herein are continuing in nature and will continue in the future unless defendants are prospectively enjoined. Plaintiff prays herein for such equitable remedy as the court may be required to fashion to restrain future violations by defendants.

## JURY TRIAL

28. Plaintiff demands a jury trial.

**THEREFORE**, Plaintiff prays that she be awarded damages from defendants, jointly and severally, in an amount to be proven at trial but which exceeds the amount required for federal diversity jurisdiction, such prospective injunctive relief as may be necessary to prevent defendants from continuing in their course of conduct with respect to mentally ill persons, her costs, attorneys fees and expenses pursuant to 42 U.S.C. § 1988, and all other just and proper relief to which she may be entitled.

RESPECTFULLY SUBMITTED,
RIEVES, RUBENS & MAYTON

_____
Kent J. Rubens (71067)
Lawrence W. Jackson (92194)
Attorneys for Plaintiffs
Post Office Box 1359
West Memphis, AR 72303
(870) 735-3420